UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re:   Karen L. Tossell a/k/a Karen Lynn Wertz

       Debtor                                                 CASE NO. 99-35900

                                                        CHAPTER     7

Aaron Hardison f/k/a Aaron Tossell

       Plaintiff

vs.

Karen Wertz f/k/a Karen Tossell

       Defendant                                 Adv. Proc. No. 04-03307

**MEMORANDUM-OPINION**

THIS ADVERSARY PROCEEDING is before the Court after the conclusion of a trial on the merits of the cause of action brought by Plaintiff under 11 U.S.C. §§523(a)(2) and (a)(6).[1] For the reasons set forth below, the Court finds in favor of Defendant. By virtue of 28 U.S.C. § 157(b)(2)(I) this is a core proceeding. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

**Findings of Fact**

Plaintiff and Defendant divorced in 2001. Under the terms of their divorce Property Settlement Agreement, Plaintiff was required to pay approximately $2,107.50 to three creditors,

---

[1] Plaintiff originally also brought this proceeding under 11 U.S.C. §523(a)(15) but waived that claim prior to trial.

Dish Network, Capital One and GLA Collection (the "Creditors").  Plaintiff failed to do so and Defendant initiated contempt proceedings against Plaintiff in Jefferson Family Court.  Plaintiff and Defendant ultimately resolved that dispute in a series of hearings held December, 2003 through February, 2004, culminating in Plaintiff agreeing to pay to Defendant the $2,107.50, with the understanding that Defendant would pay the Creditors.

Unfortunately, there was not a meeting of the minds as to *when* Defendant would pay the Creditors.  Plaintiff testified credibly that he believed that Defendant would immediately pay the Creditors.  On the other hand, Defendant testified equally credibly that she believed that she did not need to pay the Creditors immediately and that her only remaining duty with respect to Plaintiff was to take such action as was needed to prevent the Creditors from pursuing collection of the particular debts against Plaintiff.  No written agreement was ever signed clarifying the timing of Defendant's payment to the Creditors, and the records of the Family Court proceedings in which the settlement was discussed leave this point unclear.  Given the murkiness of the situation, the Court finds it entirely reasonable and understandable that  Plaintiff and Defendant would develop diverging interpretations of the settlement terms regarding timing of payment to the Creditors.

Defendant did not pay the Creditors, and deteriorating financial circumstances ultimately forced her to convert her Chapter 13 bankruptcy into a Chapter 7 bankruptcy in July 2004.

Plaintiff testified that the Creditors are now pursuing him but has provided no corroborating proof of such pursuit, such as a credit report.[2]  He has brought the instant proceeding in essence to ensure that he does not have to pay the Creditors himself, having already paid to Defendant the amount owed to them.

## Conclusions of Law

In light of the Court's findings of fact, Plaintiff's claims under 11 U.S.C. §§523(a)(2) and (6) are easily resolved in favor of Defendant.  The Court addresses Plaintiff's claim under 11 U.S.C. §523(a)(6) first.  11 U.S.C. §523(a)(6) states as follows:

---

[2]The Court finds the Plaintiff's concerns in this regard somewhat overstated as the debts to at least two of those creditors are clearly solely those of Defendant.  The Court believes that the creditors will find it difficult if not impossible to assert viable claims against Plaintiff for those debts.  In any event, the Court here is concerned with Defendant's subjective intent with regard to Plaintiff and the $2,107.50, not Plaintiff's perception of his own financial risk.

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> . . .
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

To establish that a debt is nondischargeable under 11 U.S.C. §523(a)(6), a plaintiff must prove that the debtor not only intended the act that caused the harm but intended the harm. *See Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998).*

Here, Plaintiff has failed to show that Defendant intended to harm Plaintiff. Plaintiff and Defendant entered into a settlement of a contempt proceeding in Jefferson Family Court that contained ambiguous terms. Defendant simply interpreted the ambiguous terms one way and Plaintiff the other. At worst, this was a case of misunderstanding. Given all of the facts and circumstances of this case, the Court cannot infer the requisite maliciousness by Defendant.

Next, the Court addresses Plaintiff's claim under 11 U.S.C. §523(a)(2). 11 U.S.C. §523(a)(2)(A)[3] states as follows:

> (a)    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> ....
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

To obtain an exception from discharge under 11 U.S.C.§523(a)(2)(A), a plaintiff-creditor must prove by a preponderance of the evidence, each of the following essential elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor

---

[3] Although Plaintiff has brought a claim under 11 U.S.C.§523(a)(2) generally, the Court finds subsections (B) and (C) of §523(a)(2) inapplicable on their face.

justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *See In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998).  Exceptions to discharge are to be strictly construed against the creditor.  *Rembert, 141 F.3d at 281; see also Gleason v. Thaw, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915) (Exceptions to the operation of a discharge should be confined to those plainly expressed.)*

Like Plaintiff's claim under 11 U.S.C. §523(a)(6), Plaintiff's claim under 11 U.S.C §623(a)(2)(A) fails because Plaintiff cannot show that Defendant intended to deceive Plaintiff. Again, the Court has found that this matter arose out of a misunderstanding regarding contract terms. Defendant clearly did not intend to mislead Plaintiff with regard to her payment of the Creditors.

The Court will enter a separate Order determining that Defendant's particular indebtedness owed to Plaintiff is dischargeable.  *Fed. R. Bankr. P. 9021.*